UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SILVER MOUNTAIN DEVELOPMENT, INC.,
an Oregon corporation,

          Plaintiff,

   v.

CITY OF SILVERTON, an Oregon municipality,

          Defendant.
_____

Case No. 6:21-cv-00809-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Silver Mountain Development Incorporated filed this lawsuit against Defendant City of Silverton, Oregon (the "City"). *See* Compl., ECF No. 1. The City moved for judgment on the pleadings, which Plaintiff has opposed. ECF Nos. 14, 19. Plaintiff also asks the Court to take judicial notice of certain documents. ECF No. 20. All parties have consented to jurisdiction by a U.S. Magistrate Judge. *See* ECF No. 11. For the reasons that follow, the City's motion is GRANTED in part and DENIED in part.

## BACKGROUND

This case involves a dispute related to the construction of a subdivision in Silverton, Oregon. In August 2016, the City approved the development of a subdivision that included a preliminary plat for the Phase 5 of the Pioneer Village ("Phase 5"). ¶¶ 4, 8; Request for Judicial Notice, Ex. C, ECF No. 20 ("Notice of Decision"). A preliminary plat is a map of a proposed land division showing how the land will be divided. *See* ORS § 92.010. A developer who wants to divide land into smaller lots can do so by submitting a preliminary plat which shows how the land will be divided, subject to a municipality's approval. *See* ORS § 92.040.

In Silverton, the City code supplies the process for the approval of preliminary plats. Under the preliminary plat process, the applicant submits a land use application to the City Planning Division for review and approval of the proposed subdivision under the provisions of the Silverton Municipal Code ("SMC"). SMC § 4.3.140.[1] Approval of a preliminary plat is not "final acceptance of the plat of the proposed subdivision or partition for recording." ORS § 92.040(1). However, such an acceptance is "binding upon the city or county for the purposes of the preparation of the subdivision or partition plat, and the city or county may require only such changes in the subdivision or partition plat as are necessary for compliance with the terms of its approval of the tentative plan for the proposed subdivision or partition." *Id.*; *see also Bienz v. City of Dayton*, 29 Or. App. 761, 768 (1977).

---

[1] The Silverton Municipal Code is available online. *See* SILVERTON MUNICIPAL CODE available at https://www.codepublishing.com/OR/Silverton (last visited February 10, 2022). The Court takes judicial notice of the code's relevant sections. *See* Fed. R. Evid. 201(b)(2); *see also Tri-Dam v. Frazier*, 2022 WL 159562, at *4 (E.D. Cal. Jan. 18, 2022) ("Municipal ordinances are proper subjects for judicial notice.") (quoting *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007)).

Final plat approval may be granted by the City's "community development director and city engineer or the planning commissioner," based on the criteria outlined in the City code. *See* SMC § 4.3.160 B. After the final plat is approved, an applicant has 60 days to record the plat with the County. *Id.* at § 4.3.190.

Plaintiff is a developer that owned Phase 5. Compl., ¶ 3. The City approved Plaintiff's plan "to develop the subdivision, including Phase 5, and to construct the infrastructure necessary to build out the subdivision, together with a traffic control plan to allow the construction of the infrastructure to be completed safely and effectively." Compl. ¶ 4.

The City also preliminarily approved the closure of Ike Mooney Road during construction as part of a traffic control plan. Compl. ¶ 4, 5; Answer ¶ 4. The closure of a public road in Silverton is governed by SMC § 12.32. *See also* SMC § 12.55.070 ("Closure of streets as a result of construction or utility work which must be applied for through a separate city process under Chapter 12.32 SMC."). The relevant provision explains that "all contractors and other persons barricading or temporarily closing any of such places under authority of this chapter shall exercise such rights and privileges subject to the control and supervision of the city marshal." *Id.* at § 12.32.020.

Several conditions of approval of the preliminary plat also related to Ike Mooney Road:

> 3. Additional right-of-way will be required to be dedicated along the sites frontage to accommodate 70' of Right-of-Way where the subject site has frontage on both sides of Ike Mooney Road and 35' to the center line where the subject site has frontage along on side of Ike Mooney Road as part of the Final Plat.
>
> 4. Applicant will be required to construct a ¾ street improvement in accordance with City design standards along the portion of the site that has frontage on one side of Ike Mooney Road. Partial street improvements must be based on a full street design (ie. Provide full design as if the entire street were being constructed as part of project, including design of sidewalks, etc. on both sides), with portion

Page 3 — OPINION AND ORDER

> actually to be constructed as part of the project being clearly designated on the plans.
>
> 5. The applicant must also make request to the City of Silverton to transfer the proposed improvement sections of Ike Mooney Road from Marion County to the City of Silverton jurisdiction in a timely manner so the City will have it prior to construction.
>
> \*\*\*
>
> 7. Access to public streets shall be constructed in such a manner as to eliminate turning conflicts and maintain a clear vision area. Access spacing shall conform to the Transportation Systems Plan. The proposed width of accesses shall meet the City of Silverton Public Works Standards dated 2/1/16.
>
> \*\*\*
>
> 19. The pedestrian crosswalk between Tract A & B on Ike Mooney shall be constructed as a raised table top style crosswalk, with 8' center pedestrian island two 10' travel lanes and two 5' bike lanes, meeting the City Engineer's approval shall be constructed as part of the Subdivision.

Notice of Decision 2–3. Significantly, however, the closure of Ike Mooney Road was not a condition of the preliminary plat.

After the City approved the Phase 5 preliminary plat and traffic control plan, Plaintiff commenced construction, paid for various permits, obtained financing, contracted for goods and services, and entered into an agreement for the sale of lots in Phase 5. *Id.* ¶ 6. Plaintiff anticipated that "the infrastructure construction would be completed and the lots in the subdivision would be sold no later than Fall 2019." *Id.* ¶ 7.

In late May 2019, the City revoked approval for the closure of Ike Mooney Road without notice or a hearing. *Id*. at ¶ 9. Plaintiff objected to the revocation, and the City required Plaintiff to adopt an alternative traffic control plan. *Id.* As a result, Plaintiff completed the infrastructure on Ike Mooney Road without complete road closures. *Id.* ¶ 10. The alternative plan required

Plaintiff to have one lane of traffic on Ike Mooney Road flagged and maintained with only twenty minutes of closure and passage of each direction of queued vehicles for the subsequent twenty-minute closure. *Id.* The alternative plan also required the trenching in Ike Mooney Road to be covered over with steel platting to allow for two lanes of traffic over Ike Mooney at night and on the weekends. *Id.* ¶ 11.

The alternative plan extended the time required to complete the infrastructure construction and completion of Phase 5 and resulted in approximately $366,496.00 in additional costs. *Id.* at ¶ 12–13.

## STANDARD

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient

factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570.[2] A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

### I.   Judicial Notice

Before reaching the substantive merits of the City's motion, the Court must resolve one preliminary issue: whether to take judicial notice of four exhibits supplied by Plaintiff. Exhibits A and B contain email correspondence between various individuals who work for the City and Plaintiff. Exhibit C is the Notice of Decision from the City of Silverton regarding the Phase 5 preliminary plat. Exhibit D appears to be (1) an approved version of a street/signage traffic control plan; (2) a draft version of the aforementioned plan; and (3) an approved version of the subdivision construction plans.

The City concedes that Exhibit C is a public record of which the Court may appropriately take judicial notice. As such, Plaintiff's request that the Court take judicial notice of Exhibit C is GRANTED.

However, the City objects to the remaining exhibits because they are not "adjudicative facts." A court may take judicial notice of an "adjudicative fact" pursuant to the Federal Rules of Evidence, if that fact is one "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

---

[2] Although Twombly dealt with a motion to dismiss under rule 12(b)(6), as noted above, the same standard of review applies to a motion for judgment on the pleadings. *Dworkin*, 867 F.2d at 1192.

Page 6 — OPINION AND ORDER

201(b). Thus, under Rule 201 courts may "take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute." *United States v. Corinthian Colls*., 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted).

Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the" document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine . . . to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

The Court declines to take judicial notice of Exhibits A, B, and D for several reasons. Exhibits A and B do not contain matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Minor v. FedEx Off. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (denying "request for judicial notice of an email chain"). As such, Plaintiff's request for judicial notice of Exhibits A and B is therefore DENIED.

As for Exhibit D, as the City correctly highlights, the three documents lack a proper foundation authenticating them as true and correct copies of what they purport to be. Further, Plaintiff failed to argue how each specific document is "central" to its claims other than the conclusory assertion that the exhibit is "highly relevant and central to Plaintiff's claim." Pl.'s

Req. Judicial Notice 2–3, ECF No. 20. Accordingly, Plaintiff's request for judicial notice of Exhibit D is DENIED.³

## II.     Due Process Claims

### A.     Procedural Due Process

The Due Process Clause prohibits the government from depriving a person of life, liberty, and property rights without first undertaking an adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). To prevail in a § 1983 lawsuit against a government actor on a procedural due process claim, a plaintiff must show: (1) that they had a liberty or property interest protected by the Constitution; (2) that the defendant deprived them of that interest; and (3) that the process the defendant undertook, if any, was lacking. *See, e.g.*, *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).

The Constitution does not create the property interests, rather it protects them. *Loudermill*, 470 U.S. at 538. Those interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source," such as state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Given a particular interest, "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *San Bernardino Physicians' Servs. Med. Grp. v. Cty. of San Bernardino*, 825 F.2d 1404, 1408–09 (9th Cir. 1987) (quoting *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9 (1978)). "[A] statute will create an entitlement to a governmental benefit either if the statute sets out conditions under which the benefit must be granted or if the

---

³ However, the denial is without prejudice. Should Plaintiff filed an Amended Complaint, it may again request the Court take judicial notice of the documents contained in Exhibit D. Any request should identify each specific plan and identify how that plan is central to Plaintiff's claims.

Page 8 — OPINION AND ORDER

statute sets out the only conditions under which the benefit may be denied." *Allen v. Beverly Hills*, 911 F.2d 367, 370 (9th Cir. 1990) (citation omitted).

If a plaintiff successfully demonstrates they have a protected property interest, they must next demonstrate that the defendants deprived them of that interests. *Shanks*, 540 F.3d at 1090; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") (citation omitted).

Finally, the amount of process itself that is "due" varies depending on the context. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Generally, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted). In most circumstances, the Constitution requires a hearing before the government deprives a person of liberty or property. *Zinermon*, 494 U.S. at 127.

Plaintiff argues that preliminary plat approvals are a property interest protected by the Fourteenth Amendment's Due Process Clause and analogizes this case to *David Hill Development, LLC v. City of Forest Grove*, 688 F. Supp 2d 1193, 1221 (2010). The Court agrees with the general proposition that a plaintiff can have a protected property interest in an approved preliminary plat as in *David Hill*. That case, however, is inapposite for the reasons explained below.

In *David Hill*, a developer received preliminary plat approval for a development in Forest Grove, Oregon. 688 F. Supp 2d at 199. The preliminary approval was subject to a number of conditions of approval. *Id.* at 1199. After the preliminary plat was approved, the City of Forest Grove changed the conditions of approval by adding new conditions not included in the preliminary plat. *Id.* at 1200–02. The Court found that, under Oregon law, the plaintiff had a

protected property interest in the preliminary plat. *Id.* at 1219. After making that determination, the Court found that the plaintiff had sufficiently raised an issue of material fact at the second prong of the procedural due process analysis—whether the defendant had deprived the plaintiff of a protected property interest.

*David Hill* is distinguishable from this case in at least one critical respect. In that case the municipality actually modified the conditions of approval by adding new ones. Here, the City made no such modification to the Phase 5 preliminary plat. Plaintiff's argument thus conflates the approval of the Phase 5 preliminary plat with a traffic control plan that initially permitted the closure of Ike Mooney Road. Plaintiff has not directed, and the Court was unable to locate, any authority holding that a developer's protected property interest in a preliminary plat also extends to "the corresponding approval of plans from the City Engineer." Pl.'s Resp. 6. In essence, Plaintiff would have the Court read the road closure approval into the conditions of approval of the preliminary plat. The Court declines to do so.[4]

In sum, to the extent that Plaintiff had a protected property interest in the Phase 5 preliminary plat, the City did not interfere with such an interest by reopening Ike Mooney Road, because the road closure was not a condition contained in the preliminary plat. As such, the City's motion as to Plaintiff's procedural due process claims is granted.

B.  **Substantive Due Process**

The Supreme Court has described the guarantee of substantive due process as the protection of the individual against arbitrary action by the government. *Wolff v. McDonnell*, 418

---

[4] Plaintiff's reliance on the Silverton Development Code, which allows for "modifications to preliminary plat approvals when changes, either minor or major, *are requested by the applicant*" fails for the same reason. Pl.'s Resp. 6. The City did not modify the preliminary plat when it reopened Ike Mooney Road.

U.S. 539, 558 (1974); *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025–26 (9th Cir. 2007). This includes the right to devote land to any legitimate use, *Harris v. Cty. of Riverside*, 904 F.2d 497, 503 (9th Cir. 1990), and to pursue a given profession, *Greene v. McElroy*, 360 U.S. 474, 492 (1959). "In order to establish their substantive due process claim, [a plaintiff] must show that the [land use decision] was arbitrary and irrational." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990).

For the reasons identified in section II.A., Plaintiff's argument that it "had a protected property interest in their preliminary plat approval *and corresponding Construction Plans*" fails. Pl.'s Resp. 9–11 (emphasis added). However, Plaintiff's argument that the City acted in an arbitrary manner in revoking its previous approval of the closure of Ike Mooney Road is well taken at the pleadings stage. *Id.* at 11.

In *Del Monte* the Ninth Circuit reversed the dismissal of a substantive due process claim, finding that the case required resolution on the merits based on allegations that the defendants were "motivated [in rejecting a building plan], not by legitimate regulatory concerns, but by improper political pressure from neighbors and other residents of the city to preserve the property as open space." 920 F.2d at 1508. The court explained that where a plaintiff's allegations have an evidentiary basis in the record, a sudden reversal accompanied by a poor explanation required a resolution on the merits:

> the [plaintiffs'] allegations, supported by affidavits, [were] that the city council had given approval to the 190-unit project, with 15 conditions that [the plaintiffs] substantially met and that the City's professional planning staff agreed they had substantially met; yet the same members of the city council *abruptly changed course* and rejected the plan, giving only *broad conclusory reasons*.

*Id.* (emphasis added).

Here, the City abruptly changed course in May 2019 when it revoked the approved closure of Ike Mooney road and "failed to offer any code, regulation or statute allowing revocation of its previous approval of the full closure of Ike Mooney Road." Compl. ¶¶ 8, 9. The Court cannot say "at this stage of the proceeding that the actions of the [City] were not arbitrary and irrational and, thus, a violation of [Plaintiff's] substantive due process rights." *Del Monte*, 920 F.2d at 1508.

The City's attempt to distinguish *Del Monte* is unavailing. The City asserts that *Del Monte* "involved allegations that a city had improperly modified the conditions of approval of a preliminary plat and/or refused to approve the development despite the fact that the developer had met the original conditions of approval." Def.'s Reply 6. Therefore, the City argues, because closing Ike Mooney Road was not a condition of approval of the preliminary plat the case is distinguishable. *Id.* The argument, however, improperly focuses on the type of action the city took or did not take, rather than whether such actions were arbitrary and irrational—*i.e.*, an abrupt departure from the status quo with little explanation given.

Finally, the City argues the road closure was related to the legitimate government interest of public safety. Def.'s Reply 11. The City is correct that public safety is a legitimate public interest, *see Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 US 264, 300 (1981) ("deprivation of property to protect the public health and safety is '[o]ne of the oldest examples' of permissible summary action"), and the record may develop in the City's favor given the "exceedingly high bar" a Plaintiff must clear when bringing a substantive due process claim for arbitrary action by the government, *Shanks*, 540 F.3d at 1088. However, "[t]he importance of the specific facts and circumstances relating to the property and the facts and circumstances relating to the governmental action militate against summary resolution in most cases" relating to

substantive due process claims alleging arbitrary and irrational government action. *Del Monte*, 920 F.2d at 1508.

The Court is not prepared to say that the City's actions were not arbitrary and irrational as a matter of law. *Id.*; *see also Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 2012 WL 1131387, at *21 (E.D. Cal. Mar. 29, 2012) (holding that allegations that a municipality "acted arbitrarily" were "sufficient to withstand a motion to dismiss"). The Court notes, however, that at some point Plaintiff will have to produce evidence to overcome the "exceedingly high burden" that shows that the City behaved in a constitutionally arbitrary fashion. *Shanks*, 540 F.3d at 1088.

In sum, Plaintiff's theory relating to a substantive due process violation concerning the preliminary plat and corresponding plans fails for the reasons explained section II.A.—*i.e.*, the preliminary plat and traffic control plan that called for the closure of Ike Mooney Road are distinct. However, the Complaint sufficiently alleges the City acted in an arbitrary manner relating to the road closure for this case to move beyond the pleadings stage. As such, the City's motion is granted in part and denied in part.

### III. Leave to Amend

A court may grant leave to amend in response to a Rule 12(c) motion if the pleadings can be cured by further factual enhancement. *See Sprint Telephony PCS, L.P. v. County of San Diego*, 311 F.Supp.2d 898, 903 (S.D. Cal. 2004) (because motions for judgment on the pleadings are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted, a court considering a motion for judgment on the pleadings may give leave to amend); *Kemp v. Regents of University of Cal.*, 2010 WL 2889224 at *2 (N.D. Cal. July 22, 2010) ("[b]ecause motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6) are 'functionally

identical' [citation omitted], leave to amend should be granted unless amendment would be futile.") (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). The Court will grant Plaintiff leave to file an amended complaint.

## ORDER

For the reasons above, the City's motion judgment on the pleadings (ECF No. 14) is GRANTED in part and DENIED in part. Plaintiff's request for judicial notice is (ECF No. 20) is GRANTED in part and DENIED in part. Plaintiff has thirty (30) days to file a final Amended Complaint in which it may attempt to cure, if possible, the deficiencies outlined in the Court's Opinion.

IT IS SO ORDERED.

DATED this 16th day of February 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
