UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

SILVER MOUNTAIN DEVELOPMENT,
INC., an Oregon Corporation,

                Plaintiff,

  vs.

CITY OF SILVERTON, an Oregon
Municipality,

                Defendant.

Case No. 6:21-cv-00809-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Silver Mountain Development Incorporated, filed this civil rights lawsuit against Defendant, City of Silverton, Oregon (the "City"). First Am. Compl., ECF No. 25 ("FAC"). The City moves for judgment on the pleadings. Def.'s Mot. for J. on the Pleadings, ECF No. 28. ("Def.'s Mot.").[1] The City also asks the Court to take judicial notice of certain documents. *Id.* 2–

---

[1] This is the City's second motion for judgment on the pleadings. *See* Def.'s Mot. for J. on the Peladings, ECF No. 14 (The City's first motion for judgment on the pleadings). The Court granted the City's initial motion for judgment on the pleadings in part and provided Plaintiff leave to

Page 1 — OPINION AND ORDER

3. All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 11. For the reasons that follow, the City's motion is GRANTED in part and DENIED in part.

## BACKGROUND

This case involves a dispute related to the construction of a subdivision, Pioneer Village, in Silverton, Oregon. FAC ¶ 3, ECF No. 25. Plaintiff is the owner of Pioneer Village. *Id.* That subdivision is adjacent to Ike Mooney Road. *Id.* at Ex. 1. In August 2016, Plaintiff received notice from the City (the "Notice of Decision") approving a "preliminary plat" to construct. *Id.* at ¶ 4. A preliminary plat is a map of a proposed land division showing how the land will be divided. *See* ORS § 92.010. A developer who wants to divide land into smaller lots can do so by submitting a preliminary plat which shows how the land will be divided, subject to a municipality's approval. *See* ORS § 92.040.

At the time that the City's alleged violations occurred, the City code supplied the process for the approval of preliminary plats. *See* February 16, 2022, Opinion & Order, ECF No. 26. Under the preliminary plat process, the applicant submits a land use application to the City Planning Division for review and approval of the proposed subdivision under the provisions of the Silverton Municipal Code ("SMC") SMC § 4.3.140.1. Approval of a preliminary plat is not "final acceptance of the plat of the proposed subdivision or partition for recording." ORS § 92.040(1). However, such an acceptance is "binding upon the city or county for the purposes of the preparation of the subdivision or partition plat, and the city or county may require only such changes in the subdivision or partition plat as are necessary for compliance with the terms of its

---

amend. February 16, 2022, Opinion & Order, ECF No. 26. Plaintiff amended its complaint. FAC, ECF No. 25.

approval of the tentative plan for the proposed subdivision or partition." *Id.*; *see also Bienz v. City of Dayton*, 29 Or. App. 761, 768 (1977).

Final plat approval may be granted by the City's "community development director and city engineer or the planning commissioner," based on the criteria outlined in the City code. *See* SMC § 4.3.160 B. After the final plat is approved, an applicant has 60 days to record the plat with the County. *Id.* at § 4.3.190.

The Notice of Decision stated that the City's approval of Plaintiff's preliminary plat was subject to several conditions of approval ("Conditions of Approval"). FAC Ex. 1, ECF No. 25. As relevant here, the Conditions of Approval stated:

> (1) All improvements on the site shall be in substantial conformance to the submitted plans taking all conditions of approval and Attachment G into account.
>
> (2) All applicable building permits shall be obtained prior to any work that requires a building permit.
>
> * * *
>
> (4) Applicant will be required to construct a 3/4 street improvement in accordance with City design standards along the portion of the site that has frontage on one side of Ike Mooney Road. Partial street improvements must be based on a full street design (ie. Provide full design as if the entire street were being constructed as part of project, including design of sidewalks, etc. on both sides), with portion actually to be constructed as part of the project being clearly designated on the plans.
>
> * * *
>
> (26) All utilities to the project shall be underground services. No overhead crossings of public right of way shall be approved by the city.
>
> (27) Construction plans meeting City of Silverton Public Works Standards shall be submitted and approved prior to the issuance of any development permits.

> (28) Any improvements that are to be installed shall conform to the requirements of this Chapter, the approved construction plans, and to improvement standards and the specifications adopted by the City.

*Id.*

As referenced by Condition 1, Attachment G requires that,

> B. No construction of, or connection to, any existing or proposed public utility/improvements will be permitted until all plans are approved by Staff, all fees have been paid, all necessary permits, bonding, right-of-way and easements have been obtained and approved by staff, and Staff is notified a minimum of 24 hours in advance.
>
> * * *
>
> D. All construction will conform to the City of Silverton Public Works Standards.

*Id.* at Ex. 2. Significantly, the closure of Ike Mooney Road was not a Condition of Approval for Plaintiff's preliminary plat.

Plaintiff submitted "engineer drawings, applications, construction schedules, and permits" (the "Construction Plans") to the City as required by the City's Conditions of Approval, the SMC, and the City's Public Works Design Standards ("PWDS"). *Id.* at ¶ 6. To construct the street improvement and underground utilities required by Conditions of Approval 4 and 26, the City also required Plaintiff to submit a traffic control plan as a part of the Construction Plans. *Id.* at ¶ 7. Under Conditions of Approval 1, 2, 27, and 28, the City required the traffic control plan to "comply with the SMC, PWDS and the permitting processes, improvement standards, and specifications adopted by the City." *Id.*

In May 2018, Plaintiff submitted the Construction Plans to the City which included the traffic control plan. *Id.* at ¶ 8. The traffic control plan allowed for the temporary closure of Ike Mooney Road during the infrastructure construction. *Id.* The Conditions of Approval required

the traffic control plan. *Id.* As a part of the Construction Plans, Plaintiff also submitted a "bid to the City that itemized certain costs related to the construction." *Id.* at ¶ 9. The City approved Plaintiff's Construction Plans and bid. *Id.* at ¶¶ 9–10.

According to Condition of Approval 1 and requirement B of Attachment G, Plaintiff was required to pay all fees to obtain the necessary permits prior to starting construction. *Id.* Plaintiff paid the fees consistent with those Conditions of Approval. *Id.* at ¶ 10. The City issued building permits "based on the Construction Plans that Plaintiff submitted in compliance with the Conditions of Approval." *Id.*

Relying on the City's approval of the Construction Plans, including the traffic control plan, Plaintiff obtained permits, financing, and contracted for services to allow for the closure of Ike Mooney Road in order to construct the infrastructure required by the Conditions of Approval. *Id.* at ¶ 11.

After construction began, the City altered its approval of the traffic control plan including the temporary closure of Ike Mooney Road. *Id.* at ¶ 13. The City revoked its approval "without a hearing or notice" and did not offer any code, regulation, or statute supporting the revocation of its prior approval to close Ike Mooney Road. *Id.* at ¶ 14. Plaintiff objected to the revocation, but the City required Plaintiff to use an alternative traffic control plan. *Id.*

The alternative traffic control plan required Plaintiff to keep "one lane of traffic on Ike Mooney Road flagged and maintained with only twenty minutes of closure and passage of each direction of queued vehicles for the next twenty-minute closure." *Id.* at ¶ 16. At night and on weekends, the alternative traffic plan required Plaintiff to cover any trenches as a part of the Ike Mooney Road closure with steel plating to allow for two lanes of traffic. *Id.*

Based on the City's approvals, Plaintiff expected the lots in the subdivision to be completed and sold no later than Fall 2019. *Id.* at ¶ 12. The project was not completed until January 2020. *Id.* at ¶ 19. The alternative traffic control plan extended the time required to complete the construction, which Plaintiff alleges incurred significant financial losses. *Id.* at ¶¶ 17–18.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

**I.      Judicial Notice and Incorporation by Reference**

As a preliminary matter, the Court addresses whether to take judicial notice of certain documents and incorporate a document into the Complaint by reference. The City moved the Court to take judicial notice of Exhibit A, SMC § 12.32, and Exhibit B, a letter from the City dated May 29, 2019. Plaintiff conceded that Exhibit A is admissible but objects to incorporating Exhibit B into the Complaint by reference. The City replied to Plaintiff's argument, and in that reply, requested that the Court also take judicial notice of SMC § 12.55.010.G, SMC § 12.55.070.D, SMC § 12.08.320.D, and two sections of the PWDS—section 1.3(a)(2) and 1.9(j). Pl.'s Reply 2, ECF No. 33.

### A.   Exhibit A, SMC § 12.32

SMC § 12.32 governs road closures within the City of Silverton. Plaintiff concedes that Exhibit A is a municipal ordinance, which are proper subjects for judicial notice." *See Tri-Dam v. Frazier*, 2022 WL 159562, at *4 (E.D. Cal. Jan. 18, 2022) (quoting *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.,* 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) ("[M]unicipal ordinances are proper subjects for judicial notice."). As such, the Court grants the City's request that the Court take judicial notice of Exhibit A, SMC § 12.32.

### B.   Exhibit B, the May 29, 2019 Letter

The City next requests that the Court incorporate Exhibit B, which is a letter from the City modifying the road closure into the Complaint by reference. Plaintiff objects to the Court incorporating Exhibit B into the Complaint, arguing that Plaintiff did not refer to Exhibit B in the Complaint.[2] Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the

---

[2] Plaintiff also questions the authenticity of Exhibit B. The Court need not address that argument because the Court concludes that Plaintiff did not refer to the document in the Complaint.

document is central to the plaintiff's claim; and (3) no party questions the authenticity of the" document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks and citation omitted). The Court agrees that Plaintiff did not refer to the document in the Complaint.

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers *extensively* to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added). "Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint." *Id.* "The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings[.]" *Id.* (internal citations omitted). Paragraph 13 and 14 of the FAC references the decision of the City to revoke its prior approval of the temporary closure of Ike Mooney Road; however, the rule requires extensive reference to "a document." Here, Plaintiff's Complaint did not refer to *a document*. Rather, Plaintiff's Complaint only referred to a denial without discussion of any document. It is unclear whether Plaintiff is referring to Exhibit B. Although the Court does not conclude that an explicit reference to a document is required, for a court to incorporate a document by reference, more is required to "extensively" refer to a document. Accordingly, the City's request for incorporation by reference is denied.

        **C.     SMC §§ 12.55.010.G, 12.55.070.D, 12.08.320.D, PWDS 1.3(a)(2) and 1.9(j).**

Finally, the City requests that the Court take judicial notice of SMC §§ 12.55.010.G, 12.55.070.D, 12.08.320.D, PWDS1.3(a)(2) and 1.9(j). Pl.'s Reply, ECF No. 33. As previously noted, Plaintiff failed to request that the Court take judicial notice of those documents prior to the City's motion to dismiss. Def.'s Mot., ECF No. 28. The Ninth Circuit has held that "district

Page 8 — OPINION AND ORDER

court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also eDigital Corp. v. Research in Mot. Ltd.*, 2013 WL 12095242 at *2 (S.D. Cal. August 28, 2013) ("Parties should not raise new issues for the first time in their reply briefs, as this deprives the opposing part of an opportunity to respond."). Although a court does not need to address arguments raised for the first time in a reply brief, a court has the discretion to do so. *See SFA Group, LLC v. Certain Underwriters at Lloyd's, London*, 2016 WL 5842180 *4 n.3 (C.D. Cal. September 29, 2016) ("[W]e have the discretion to consider Plaintiff's response to Defendant's arguments that were raised for the first time in Defendant's Opposition"); *see also U.S. v. Taibi*, 2012 WL 553143 at *4 (S.D. Cal. February 21, 2012) ("[B]ecause these documents respond directly to Defendant's allegations made in his opposition brief, the Court finds it may properly consider this rebuttal evidence even though it was offered for the first time in Plaintiff's reply brief"); *see also In Re Google Location History Litigation,* 428 F. Supp. 3d 185, 190 (N.D. Cal. December 19, 2019) (granting Defendant's request for judicial notice of documents raised for the first time in their reply brief finding that Defendants did not raise new facts since Plaintiffs had already discussed the documents to be noticed in their complaint and opposition briefs).

Although a court generally will not consider issues raised for the first time in a reply brief, the Ninth Circuit recognizes three exceptions to that rule: (1) when there is "good cause shown" or if "failure to do so would result in manifest injustice," (2) when the issue not raised by the party's opening brief is "raised in the [response] brief," and (3) when the failure to properly raise the issue "did not prejudice the defense of the opposing party." *Koerner v. Grigas,* 328 F.3d 1039, 1048-1049 (9th Cir. 2003); *see also Hupp v. San Diego County*, 2014 WL 347472 at *4

Page 9 — OPINION AND ORDER

(S.D. Cal. January 30, 2014) (applying the *Koerner* test in granting Defendant's request for judicial notice raised for the first time in their reply brief).

Fed. R. Civ. P. 201, which is the Rule that governs judicial notice, applies to an "adjudicative fact only, not a legislative fact." In the federal system, "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." *Lamar v. Micou,* 114 U.S. 218, 223 (1885); *see also* John W. Strong, McCormick on Evidence § 335 (5th ed. 1999) ("The heavy-footed common law system of proof by witnesses and authenticated documents is too slow and cumbrous for the judge's task of finding what the applicable law is."). Although the City did not request judicial notice until its reply, the Court concludes that taking judicial notice of the law does not prejudice Plaintiff because the Court is bound to take judicial notice of law. SMC §§ 12.55.010.G, 12.55.070.D, and 12.08.320.D are municipal laws.[3] Similarly, On February 1, 2016, the City of Silverton adopted the PWDS by Resolution 16-08 as Ordinance 14-04. PWDS 1.3(a)(2) and 1.9 are municipal legislation. The Court takes judicial notice of SMC §§ 12.55.010.G, 12.55.070.D, 12.08.320.D, PWDS 1.3(a)(2), and 1.9.

## II.  Due Process Claims

Plaintiff argues that his rights to procedural due process and substantive due process were violated when the City altered conditions of the traffic control plan and required Ike Mooney Road to remain open. Pl.'s Response 6, ECF No. 32. The City argues that both claims should be

---

[3] Plaintiff also cites "SDC 4.6," "SDC 4.3.120," "SDC 4.3.140," and "SDC 4.3.160" in support of its procedural due process claim. Pl.'s Resp. 9, ECF No. 32. Plaintiff did not define "SDC" or point the Court to a specific authority. However, the Court understands "SDC" to be referring to the Silverton Municipal Code. To the extent that Plaintiff is relying on those sections of the SMC, the Court reviews Plaintiff's argument for the same reasons as provided by this section.

dismissed because Plaintiff failed to sufficiently allege that it had a property interest. Def.'s Mot. 4–5, ECF No. 28.

### A. Procedural Due Process

The City argues that the FAC "fail[ed] to state a procedural due process claim because it [did] not allege any source of law that would create a protected property interest in the closure of Ike Mooney Road." Pl.'s Mot., 4, ECF No. 28. Plaintiff asserts that the following laws created a protected property interest: (1) SMC §§ 4.6, 4.3.120, 4.3.140, and 4.3.160; (2) PWDS 1.9; and (3) SMC § 12.32.020. The Court disagrees that those authorities created a protected property interest in the closure of Ike Mooney Road.

#### 1. Legal Standard

The Due Process Clause prohibits the government from depriving a person of life, liberty, and property rights without first undertaking an adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). To prevail in a § 1983 lawsuit against a government actor on a procedural due process claim, a plaintiff must show: (1) that they had a liberty or property interest protected by the Constitution; (2) that the defendant deprived them of that interest; and (3) that the process the defendant undertook, if any, was lacking. *See, e.g.*, *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).

The Constitution does not create property interests, rather it protects them. *Loudermill*, 470 U.S. at 538. Those interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source," such as state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Given a particular interest, "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *San Bernardino Physicians' Servs. Med. Grp. v. Cty. of San*

*Bernardino*, 825 F.2d 1404, 1408–09 (9th Cir. 1987) (quoting *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9 (1978)). "[A] statute will create an entitlement to a governmental benefit either if the statute sets out conditions under which the benefit must be granted or if the statute sets out the only conditions under which the benefit may be denied." *Allen v. Beverly Hills*, 911 F.2d 367, 370 (9th Cir. 1990) (citation omitted).

If a plaintiff successfully demonstrates they have a protected property interest, they must next demonstrate that the defendants deprived them of that interest. *Shanks*, 540 F.3d at 1090; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") (citation omitted).

Finally, the amount of process itself that is "due" varies depending on the context. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Generally, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted). In most circumstances, the Constitution requires a hearing before the government deprives a person of liberty or property. *Zinermon*, 494 U.S. at 127.

    2.    <u>SMC §§ 4.6, 4.3.120, 4.3.140, and 4.3.160</u>

Plaintiff argues that SMC §§ 4.6, 4.3.120, 4.3.140, and 4.3.160 provided Plaintiff with a protected property interest in the closure of Ike Mooney Road once the City approved the preliminary plat and Construction Plans. Pl.'s Resp. 9, ECF No. 32. That is not so.

Plaintiff is correct that SMC § 4.6 states that the City can make major or minor changes to preliminary plat approval if requested by the applicant. Significantly, the closure of Ike Mooney Road was not a Condition of Approval for the preliminary plat approval nor was it included in the development plans approved with the approval of the preliminary plat.

Plaintiff also argues that it had a protected property interest in the preliminary plat, because the traffic control plan required Plaintiff to complete the infrastructure construction required by the Conditions of Approval. Plaintiff argues that the traffic control plan was an "integral component" of the approval of the Construction Plans and issuance of permits. Pl.'s Resp. 9, ECF No. 32. Although the traffic control plan may have been necessary to comply with the Conditions of Approval, the plan itself was not a condition of approval for granting the preliminary plat. Plaintiff has not directed, and the Court is unable to locate, any authority holding that a developer's protected property interest in a preliminary plat also extends to the traffic control plan or road closure. The Court rejects inserting conditions into the Conditions of Approval that are absent.

### 3. PWDS 1.9

Plaintiff argues that PWDS 1.9 provided criteria for approval of utility construction which gave Plaintiff a protected property interest in the temporary road closure of Ike Mooney Road. Pl.'s Resp. 9, ECF No. 32. PWDS 1.9 contains "the review procedures and permitting requirements for street, site and utility construction." PWDS 1.9 does not provide criteria for approval of a road closure and is not a condition of approval for street, site, or utility construction. Rather PWDS 1.9.j states that:

> approval of plans . . . for the issuance of a City Public Works street/site/utility construction permit does not relieve developer, contractor or engineer from obtaining any and all reviews and permits required under building, plumbing or electrical codes that the work may be subject to *or from any requirements under County, ODOT or other agency permits/approvals required for the project.*

(Emphasis added.)

Page 13 — OPINION AND ORDER

The City's approval of plans and the issuance of permits to construct utilities does not relieve Plaintiff of the requirements of other agencies to permit or approve the traffic control plan. In other words, although the traffic control plan was necessary to complete the infrastructure construction required by the Conditions of Approval, the traffic control plan itself did not contain criteria for approval, but rather provided discretion for other agencies to approve permits for the work to be done.

    4.    SMC § 12.32.020

Finally, Plaintiff argues that SMC § 12.32.020 provides that a city marshal controls how a road is closed, but not whether a road is closed. The Court disagrees. Although the city marshal does have control over how a road is closed under SMC § 12.32.020, the city marshal also maintains control over whether a road is closed. SMC § 12.32.020 states that:

> all contractors and other persons barricading or temporarily closing any [public streets, sidewalks, alleys or other public places in the city] under authority of this chapter shall exercise such rights and privileges *subject to the control and supervision of the city marshal.*

(Emphasis added).

The Court agrees with the City that the city marshal has the discretion to close Ike Mooney Road, as a public road.

In sum, to the extent that Plaintiff has a protected property interest in the preliminary plat, the City did not interfere with such an interest by reopening Ike Mooney Road. The road closure was not a condition for preliminary plat approval and the City maintained discretion over public road closures under SMC § 12.32. Accordingly, the City's motion for judgment on the pleadings regarding the procedural due process claim is GRANTED.

    **B.**    **Substantive Due Process**

The City argues that dismissal is also appropriate as to Plaintiff's substantive due process claim because Plaintiff failed to allege that it had a protected property interest and because the City did not act in an arbitrary manner when it altered the traffic control plan. The Court finds that Plaintiff has alleged a substantive due process claim.

1. Legal Standard

The Supreme Court has described the guarantee of substantive due process as the protection of the individual against arbitrary action by the government. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025–26 (9th Cir. 2007). This includes the right to devote land to any legitimate use, *Harris v. Cty. of Riverside*, 904 F.2d 497, 503 (9th Cir. 1990), and to pursue a given profession, *Greene v. McElroy*, 360 U.S. 474, 492 (1959). The Due Process Clause "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746, 95 L. Ed. 2d 697, 107 S. Ct. 2095 (1987)). "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Id.* at 871. "To have a property interest, a person clearly must have more than an abstract need or desire. A mere unilateral expectation of a benefit or privilege is insufficient; the plaintiff must have a legitimate claim of entitlement to it." *Id.* at 872 (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972) (internal quotations omitted). In addition, a plaintiff must also show that "the [land use decision] was arbitrary and irrational." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990).

2. Property Interest

Plaintiff argues, as it did before, that Plaintiff had a protected property interest in the closure of Ike Mooney Road. The Court has already concluded otherwise and for the reasons stated above, Plaintiff's argument that it maintained a property interest in the closure of Ike Mooney Road is rejected. However, Plaintiff also argues that it had a legitimate claim of entitlement, which created a property interest, once the City approved the preliminary plat. *See* Pl.'s Resp. 8, ECF No. 32. Defendant responds that Plaintiff does not have a property interest because PWDS 1.3(a)(2) allows the City to require a modification of approved construction plans. PWDS 1.3(a)(2) provides:

> "It shall be the Design Engineer's responsibility to review any proposed extension, modification or improvement of a public utility system with the City prior to final engineering and design work to determine any special requirements or whether the proposal is permissible. A preliminary review and/ or approval of the drawing for constructions for any project does not in any way relieve the Design Engineer of his responsibility to meet all requirements of the City or the obligation to protect life, health and property of the public. The drawings for any project shall be revised or supplemented at any time it is determined that the full requirements of the City have not been met.

Defendant is correct that the PWDS authorizes the City to revise or supplement construction drawings. However, the Design Engineer's authority is not without limit. PWDS 1.3(a)(2) requires a showing that either the Design Engineer pursued its obligation to protect life, health, and property or a determination by the City that the full requirements have not been met by Plaintiff. PWDS 1.3(a)(2) does not negate a legitimate claim of entitlement. Rather, it merely authorizes the Design Engineer to revise or supplement the construction drawings under specific conditions. Those conditions have not been met. *Nunez* is instructive.

In Nunez, three police officers claimed a property interest in being promoted to lieutenant. 147 F.3d at 870. The Ninth Circuit held that, because "any possibility of promotion was contingent upon their success on the exam, as well as upon the number of lieutenant

positions available," the officers' "expectations" of being promoted did not rise to the level of a constitutional property interest. Id. at 872–73. The Court concluded that "[u]ntil someone actually receives a promotion, or at least a binding assurance of a forthcoming promotion, [a party] cannot claim a property interest in the promotion." Id. at 873.

Here, the mere ability to revise or supplement construction drawings does not mean that the approval of a preliminary plat is not binding. The Court disagrees with Defendant that PWDS 1.3(a)(2) demonstrates that there is no legitimate claim of entitlement. To the contrary, Plaintiff had a legitimate claim of entitlement to the preliminary plat once approved by the City. Such an acceptance is "binding upon the city or county for the purposes of the preparation of the subdivision or partition plat, and the city or county may require only such changes in the subdivision or partition plat as are necessary for compliance with the terms of its approval of the tentative plan for the proposed subdivision or partition." ORS § 92.040(1); *see also Bienz v. City of Dayton*, 29 Or. App. 761, 768 (1977). Therefore, Plaintiff sufficiently pled that it had a protected property interest in the preliminary plat.

### 3. Acted Arbitrarily

Next, Plaintiff alleges that the City acted in an arbitrary manner in revoking its previous approval of the closure of Ike Mooney Road is also well taken at the pleadings stage. Pl.'s Resp. 12, ECF No. 32. Although Plaintiff did not have a protected property interest in the closure of Ike Mooney Road, Plaintiff did have a protected property interest in the preliminary plat. Therefore, the City could not act in an arbitrary manner when interfering with Plaintiff's protected property interest in the preliminary plat. The City argues the road closure was related to the legitimate government interest of public safety. Def.'s Mot. 11, ECF No. 28. However, the Court has already ruled that Plaintiff sufficiently alleged that the City acted in an arbitrary

manner in revoking its previous approval of the closure of Ike Mooney Road. February 16, 2022, Opinion & Order, ECF No. 26. For the reasons stated in the that Opinion & Order, the Court concludes that Plaintiff sufficiently pled that the City acted in an arbitrary manner. Accordingly, the City's motion for judgment on the pleadings regarding the substantive due process claim is DENIED.

## ORDER

For the reasons above, the City's motion for judgment on the pleadings (ECF No. 28) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 19th day of December 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge